**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ANTINITA WILLIAMS and JAMIE JAMES                                             PLAINTIFFS

v.                                              NO. 4:11CV00257 JLH

CHICK-FIL-A, INC.; TIM DOUGLASS;
and BOB PAINE                                                                DEFENDANTS

<u>**OPINION AND ORDER**</u>

Antinita Williams and Jamie James commenced this action in the Circuit Court of Saline

County, Arkansas, against Chick-fil-A, Inc., and Tim Douglass, alleging claims of racial

discrimination in violation of the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-101

*et seq*.  The complaint includes claims against Chick-fil-A on behalf of two classes of African-

Americans.  The plaintiffs "bring no federal claims presently."  Chick-fil-A removed the case to this

Court based on diversity and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1332, 1367, 1441,

1446.[1]  The plaintiffs have filed a motion to remand to state court on the grounds that removal was

untimely, and that diversity jurisdiction is lacking inasmuch as Douglass and both plaintiffs are

citizens of Arkansas.  Chick-fil-A contends that remand would be improper because Douglass was

fraudulently joined for the purpose of defeating federal diversity jurisdiction.

Chick-fil-A has also filed a Motion for Judgment on the Pleadings pursuant to rule 12(c) of

the Federal Rules of Civil Procedure.  Contending that this Court lacks jurisdiction to rule on such

a motion, the plaintiffs have moved to stay resolution of the Rule 12(c) motion pending resolution

of the motion to remand.  Citing Rule 15 of the Federal Rules of Civil Procedure and 28 U.S.C. §

2072, the plaintiffs have also filed an Amended Complaint which adds a new defendant, Bob Paine,

---

[1] Douglass consented to removal.

also a resident of Arkansas, and modifies the allegations against Douglass.  Chick-fil-A has filed a Motion to Strike the Amended Complaint, contending that the plaintiffs must seek the Court's leave to add a new defendant who would destroy diversity.  Chick-fil-A also argues that the Court has the authority to deny joinder pursuant to 28 U.S.C. § 1447(e) notwithstanding any right the plaintiffs may have to amend under Rule 15.  Even if the plaintiffs' motion to stay is construed as a request to add a nondiverse party, Chick-fil-A asks the Court to deny the request because the plaintiffs have not shown that Paine is a required party under Rule 19 of the Federal Rules of Civil Procedure or an otherwise appropriate party for joinder under 28 U.S.C. § 1447(e).  Alternatively, Chick-fil-A contends that the plaintiffs are only attempting to add Paine to destroy diversity and that his joinder would be fraudulent.  For the following reasons, the Court will grant the plaintiffs' motion to remand.  All other motions will be denied.

Since no court can resolve a dispute over which it lacks jurisdiction, the Court must first address the plaintiffs' contention that it lacks subject-matter jurisdiction over this action.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102, 118 S. Ct. 1003, 1012-16, 140 L. Ed. 2d 210 (1998) (discussing "[t]he requirement that jurisdiction be established as a threshold matter").  Because the plaintiffs do not assert any federal claims, the Court may only exercise jurisdiction in this case if complete diversity exists.  *See* 28 U.S.C. §§ 1331-32.  It is undisputed that the amount in controversy exceeds $75,000.00 as to each plaintiff.  Because both the plaintiffs as well as Douglass and Paine are residents of Arkansas, Chick-

fil-A can only establish complete diversity if it can prove that Douglass was fraudulently joined and either that Paine may not or should not be added to this action.[2]

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a nondiverse defendant solely to prevent removal.  When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant."  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citations omitted).  A court may look beyond the pleadings in determining whether it has subject matter jurisdiction.  *See Ark. State Highway Comm'n v. Ark. River Co.*, 271 F.3d 753, 762 (8th Cir. 2001).  Of course, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor."  *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003).

The original complaint alleged that Douglass "is sued solely for retaliation" as permitted by the Arkansas Civil Rights Act.  *See Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 432 (2010).  The plaintiffs' amended complaint repeats this allegation.  In their original complaint, the plaintiffs alleged that "[e]ach Plaintiff was fired by Tim Douglass in February of 2010[.]"  In their amended complaint, the plaintiffs have altered their allegations against Douglass by eliminating the claim that Douglass terminated Williams and modifying the allegations to read: "Ms. James was fired, or not

---

[2] The plaintiffs' other basis for remand, that removal was untimely, is without merit.  Chick-fil-A was served with the complaint on February 17, 2011.  Under 28 U.S.C. § 1446(b), Chick-fil-A was required to file its petition for removal within thirty days, that is, on March 19, 2011.  However, since March 19, 2011 fell on a Saturday, Rule 6(a)(1)(C) extends the time period for filing through March 21, 2011.  Chick-fil-A's petition for removal was filed on March 21, 2011.

rehired, by Tim Douglass in February of 2010, less than a year preceding the filing of the Original

Complaint because Ms. James had filed a Charge of discrimination in 2010."

According to the affidavit of Christopher Liberatore, prior to October 1, 2009, the

Chick-fil-A restaurant located at Park Plaza in Little Rock, Arkansas was owned and operated by

Paine as an independent franchised operator. Both plaintiffs worked at the Park Plaza location when

it was operated by Paine. On October 1, 2009, the Chick-fil-A corporation began to operate a

company-controlled restaurant at the Park Plaza location. Liberatore, who managed the store on

behalf of Chick-fil-A, decided to hire the plaintiffs to work for the new company-operated business.

Around February 9, 2010, Liberatore terminated Williams' employment. On February 28, 2010,

Chick-fil-A ceased operating a restaurant at the Park Place location. Consequently, according to

Liberatore, Chick-fil-A's employment relationship with all employees at that location ended.

Liberatore testified that Douglass had no involvement in any aspect of either of the plaintiffs'

employment with Chick-fil-A, including their termination. On March 1, 2010, Douglass, a

franchised Chick-fil-A operator, began operating his own independent franchised Chick-fil-A

restaurant business at the Park Plaza location. According to Douglass' affidavit, he never hired

either of the plaintiffs. The complaints do not allege that Douglas hired either plaintiff and the

plaintiffs have offered nothing to contradict Douglass' testimony in this regard. In their various

motions, the plaintiffs repeatedly assert that Douglass terminated them, but they offer no argument

or evidence to support this allegation.

The undisputed facts show that Douglass was not involved in the termination of either

plaintiff. Indeed, in their amended complaint, the plaintiffs have dropped the allegation that

Douglass terminated Williams. Douglass never hired either plaintiff. Douglass was not an employee

of Chick-fil-A.  He began to operate his independent franchise at the Park Plaza location only after Chick-fil-A ceased to operate its restaurant at that location and terminated its employment relationship with its employees at that location.  There is no reasonable basis in fact or law to support the claim that Douglass terminated the plaintiffs' employment with Chick-fil-A.  *See Pace v. Healthlink, Inc.*, No. 4:09CV709, 2009 WL 4825201, at *2 (E.D. Mo. Dec. 11, 2009) ("Since [the defendant] did not employ [the plaintiff], it could not have terminated him, wrongfully or otherwise.").

However, in their amended complaint, the plaintiffs articulate a new allegation against Douglass, namely, that he refused to hire James to work at the Park Plaza location—where she had worked continuously, or at least contiguously, for Paine and then Chick-fil-A—in retaliation for filing a complaint with the EEOC early in 2010.[3]  The Court found no Arkansas decision stating either that the Arkansas Civil Rights Act imposes or does not impose liability on a potential employer who refuses to hire an employee because that employee was involved in discrimination proceedings against her former employer.  However, the Arkansas Civil Rights Act establishes the right to *obtain* and hold employment without discrimination on the basis of race and prohibits retaliation against one who engages in protected activity related to this right.  Ark. Code. Ann. §§ 16-123-107(a), -108(a) (emphasis added).  Further, in construing the Arkansas Civil Rights Act, courts may look to decisions interpreting Title VII for guidance.  Ark. Code Ann. § 16-123-105(c). According to the EEOC Compliance Manual:

---

[3] Chick-fil-A contends that the Court should strike the plaintiffs' amended complaint because it adds a new nondiverse defendant in violation of 28 U.S.C. § 1447(e).  However, the legal authorities cited by Chick-fil-A do not bar an amendment of the allegations against Douglass who was a defendant in the action prior to removal.  The plaintiffs may amend the allegations against Douglass pursuant to Rule 15 of the Federal Rules of Civil Procedure.

> An individual is protected against retaliation for participation in employment discrimination proceedings even if those proceedings involved a different entity. For example, a violation would be found if a respondent refused to hire the charging party because it was aware that she filed an EEOC charge against her former employer.

Courts have found this EEOC interpretation persuasive "because it is consistent with the primary purpose of the retaliation clause."[4] *McMenemy v. City of Rochester*, 241 F.3d 279, 284 (2nd Cir. 2001) ("We think that Title VII protects an employee from *any* employer, present or future, who retaliates against him because of his prior or ongoing opposition to an unlawful employment practice or participation in Title VII proceedings.") (emphasis in original); *see also Ghirardelli v. McAvey Sales & Service, Inc.*, 287 F. Supp. 2d 379, 387 (S.D.N.Y. 2003); *E.E.O.C. v. Falls Vill. Ret. Cmty.*, No. 5:05CV1973, 2007 WL 756803, at *4 (N.D. Ohio Mar. 7, 2007).   Therefore, the Court concludes that the Arkansas Civil Rights Act "*might* impose liability on" an employer who  refuses to hire a candidate for employment because that candidate participated in employment discrimination proceedings involving a prior employer.   *Filla*, 336 F.3d at 810 (emphasis in original).   This conclusion is consistent with the fact that section 16-123-108(a) uses the terms "person" and "individual" rather than "employer" and "employee."   *See also Calaway*, 2010 Ark. 432 (broadly construing the term "person" as it is used in section 16-123-108(a)).

To establish a prima facie case of retaliation under the Arkansas Civil Rights Act, the plaintiffs must show (1) that James engaged in statutorily protected conduct, (2) that Douglass took

---

[4] As the Supreme Court recently held in *Burlington N. and Santa Fe Ry. Co. v. White*, the anti-retaliation provision of Title VII is designed to broadly protect individuals "from retaliation that produces an injury or harm."   548 U.S. 53, 67, 126 S. Ct. 2405, 2414, 165 L. Ed. 2d 345 (2006); *see also Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 917 (8th Cir. 2007). Hence, liability under that provision extends to cases lacking any link between the challenged retaliatory action and the terms, conditions, or status of employment.   *White*, 548 U.S. at 61-67, 126 S. Ct. 2405, at 2411-14.

an adverse employment action against her, and (3) that there was a causal link between the two actions. *McCullough v. Univ. of Ark. for Med. Scis.*, 559 F.3d 855, 864 (8th Cir. 2009). If the plaintiffs' allegations that James filed a complaint with the EEOC and that Douglass refused to hire her are true, then they will be able to establish the first two elements of a retaliation claim in accordance with the above analysis. No more than two months passed between the filing of the EEOC complaint and Douglass' refusal to keep James at the restaurant when he began to operate his independent franchise at the Park Plaza location. *See Zhuang v. Datacard Corp.*, 414 F.3d 849, 856 (8th Cir. 2005) ("[C]lose temporal proximity between the date of an EEOC claim" and the adverse employment action "could conceivably support a finding that a plaintiff had carried her burden on the third element."). Thus, if the plaintiffs are able to present evidence that Douglass was aware that James filed an EEOC complaint shortly before he took control of the Park Plaza location, then the plaintiffs may be able to establish a causal link between the EEOC complaint and Douglass' decision not to hire James. Because state law "*might* impose liability on" Douglass for the failure to hire James, joinder is not fraudulent. *Filla*, 336 F.3d at 810 (emphasis in original).[5]

## CONCLUSION

The plaintiffs' Motion to Remand is GRANTED. Document #2. Chick-fil-A's Motion to Strike Amended Complaint is DENIED to the extent it challenges the plaintiffs' modification of the allegations against defendant Douglass, and DENIED AS MOOT in all other respects. Document

---

[5] It may be, as Chick-fil-A says, that the addition of Douglass is only a tactic designed to keep this litigation in state court, but the issue is whether there is "any possibility that the opposing party has stated a claim under state law," not whether the motive for the joinder is to avoid federal jurisdiction *See Palmquist v. Conseco Med. Ins. Co.*, 128 F. Supp. 2d 618, 621 (D.S.D. 2000) (citing *Fed. Beef Processors, Inc. v. CBS Inc.*, 851 F. Supp. 1430, 1435 (D.S.D. 1994)); *Filla*, 336 F.3d at 809 n.9.

#24.  Chick-fil-A's Motion for Judgment on the Pleadings is DENIED AS MOOT.  Document #13.

Similarly, the plaintiffs' Motion to Stay re Motion for Judgment on the Pleadings is DENIED AS

MOOT.  Document #20.  This case is remanded to the Circuit Court of Saline County, Arkansas.

IT IS SO ORDERED this 15th day of June, 2011.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE